## WILLIAM PAYNE & wife *vs.* CITY OF LOWELL.

If, in an action against a city to recover damages for an injury sustained by reason of a defective way, the defect alleged is ice on a sidewalk, and the defendants have been allowed to prove that rain had fallen and frozen shortly before the time of the accident, so that all the sidewalks in the city were covered with ice, evidence is inadmissible, in their behalf, to prove the steps actually taken by them to remedy the defect.

TORT to recover damages for an injury sustained by the female plaintiff in consequence of a defective way.

At the trial in this court, before *Gray,* J., it appeared that the injury was received by falling upon the ice on a sidewalk in

Church Street in Lowell, between nine and ten o'clock in the morning, in January ; and that it had rained the day before, and frozen in the night. There was also evidence tending to show that there was ice upon the sidewalk at the place of the accident, prior to the rain of the day before ; and it was contended on the part of the plaintiffs that this defect already existing was increased by the freezing of the rain. The defendants were allowed to prove that at the time of the accident the sidewalks throughout the city were covered with ice formed during the preceding night. They also offered to prove that, at seven o'clock in the morning, three wagons loaded with sand were sent through the principal streets of the city, and that one of these wagons reached Church Street about nine o'clock, and the place in question was sanded a few minutes after the accident; but this evidence was excluded.

The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*T. Wentworth,* for the defendants.

*T. H. Sweetser,* ( *W. S. Gardner* with him,) for the plaintiffs.

HOAR, J. The evidence excluded had no bearing upon the question whether there was a defect in the way. If the defect which caused the plaintiff's injury had existed twenty-four hours then no proof of the attempts made by the defendants to put the way in repair would affect their liability. Gen. Sts. c. 44, § 22. The only point to which it was offered was, to meet the allegation that the city had reasonable notice of a defect which had not existed twenty-four hours, and should have repaired the way. The defendants were permitted to show how much there was for them to do on the particular morning in question ; and it was for the jury to judge whether there was time before the accident to attend to the place where it happened. But if there was not reasonable time to remedy the defect in the street where the accident occurred, consistently with the duty of the city to give due care to other places equally needing it, the city was not liable, whether wagons were on the way to the spot or not. If there was not reasonable time, the fact that wagons were on the way did not diminish the liability. The duty of the defendants

at that one time and place was all that was in issue. Whether they did their duty elsewhere, or neglected it, was immaterial. The evidence was therefore rightly rejected.

*Judgment on the verdict.*